IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOM WISE,<br><br>Plaintiff,<br><br>v.<br><br>WICHITA VENDING COMPANY, JOSEPH HEMMELGARN, AND GORDON LONG,<br><br>Defendants. | Case No.: 11-CV-1206-JWL-GLR |

**DEFENDANT'S NOTICE OF REMOVAL**

COME NOW Defendants Wichita Vending Company, Joseph Hemmelgarn, and Gordon Long (collectively, "Defendants"), by and through their counsel of record, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and D. Kan. Rule 81.1(a), hereby remove this case from the Eighteenth Judicial District Court of Sedgwick County, Kansas, to the United States District Court for the District of Kansas. As grounds for removal, and for no other purpose, Defendants state as follows:

1. On or about July 8, 2011, Plaintiff commenced this action against Defendants in the Eighteenth Judicial District Court, Sedgwick County, Kansas, styled *Tom Wise vs. Wichita Vending Company, Joseph Hemmelgarn, and Gordon Long,* Case No. 11-CV-2395 ("the state court lawsuit").

2. On July 13, 2011, Plaintiff served a Summons and Complaint upon all Defendants.

3. In his single-count Petition, Plaintiff seeks relief exclusively under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA").

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). It is being filed within 30 days after service. Defendants' time within which to answer or otherwise respond to Plaintiff's Petition has not expired, and no further proceedings have taken place in the state court lawsuit.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in that Plaintiff's only cause of action allegedly arises under the FLSA. *See* Complaint ¶ 5. Accordingly, the Complaint establishes that removal is proper because it alleges a claim or right arising under the laws of the United States.

6. Plaintiff filed this action in the Eighteenth Judicial District Court, Sedgwick County, Kansas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants are residents of Sedgwick County, Kansas. *See* Complaint ¶¶ 1-4. Venue is also proper because Plaintiff's state court action is pending within a Kansas Judicial District within the geographic confines of this District. 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A and incorporated by reference are copies of the Summons and Complaint, which constitute all process, pleadings, and orders served upon Defendants in this matter. Pursuant to D. Kan. Rule 81.2, Defendants will file a copy of all records and proceedings had in state court with this Court within 21 days of removal.

8. Defendants shall, promptly upon filing this Notice of Removal, give written notice thereof to Plaintiff and file a copy of this Notice of Removal with the Eighteenth Judicial District Court, Sedgwick County, Kansas, as required by 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c). A copy of the Notice of Filing Notice of Removal (without attachments) is incorporated herein and attached hereto as Exhibit B.

WHEREFORE, Defendants hereby exercise their right of removal pursuant to 28 U.S.C. § 1441 *et seq.* and give notice that the action now pending in the Eighteenth Judicial District Court, Sedgwick County, Kansas, captioned *Tom Wise vs. Wichita Vending Company, Joseph Hemmelgarn, and Gordon Long*, Case No. 11-CV-2395, is removed from that court to the United States District Court for the District of Kansas. Defendant respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Dated this 27th day of July, 2011.

Respectfully submitted,

s/ Alan L. Rupe

Alan L. Rupe KS #08914
Jason Stitt KS #22216
Kutak Rock LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
(316) 609-7900
(316) 630-8021 (facsimile)
alan.rupe@kutakrock.com

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2011, a true and correct copy of the above and foregoing **Notice of Removal** was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Allison J. Wilson
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: wilson@hitefanning.com

ATTORNEY FOR PLAINTIFF

s/ Alan L. Rupe

Alan L. Rupe KS #08914

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**
**CIVIL DEPARTMENT**

Serve: **Wichita Vending Company**
**c/o Joseph J. Hemmelgarn**
**4430 West 29th Circle South**
**Wichita, Kansas 67215**

Tom Wise,

*Plaintiff,*

vs.

Wichita Vending Company,
Joseph Hemmelgarn, and Gordon Long

*Defendant.*

PURSUANT TO K.S.A. CHAPTER 60

CASE NO. 11CV2395

# SUMMONS

**To the above-named Defendant:**

YOU are hereby summoned and required to serve upon **Allison J. Wilson**, plaintiff's attorney, whose address is **HITE, FANNING & HONEYMAN L.L.P., 100 N. Broadway, Ste. 950, Wichita, KS, 67202**, a pleading to the petition which is herewith served upon you, within **forty (40)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. Your pleading must be filed with the court. As provided in subsection (a) of K.S.A. 60-213, and amendments thereto, your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

REASONABLE ACCOMMODATIONS WILL BE PROVIDED IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT.
*[SEAL OF THE COURT]*

SEAL

CLERK OF THE DISTRICT COURT
SEDGWICK COUNTY, KANSAS

Dated JUL 12 2011

By Melissa A Bock, Deputy

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I served the within summons:

(1) **Personal Service.** By delivering on the ______ day of ________________, 20___, a copy of the summons, and a copy of the petition to each of the within-named defendants:________________________________

(2) **Residence Service.** By leaving on the ______ day of ________________, 20___, for each of the within-named defendant________________________________ a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendants with some person of suitable age and discretion residing therein.________________________________

(3) **Agent Service.** By delivering on the ______ day of ________________, 20___, a copy of the summons, and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process

________________________________

(4) **Residence Service and Mailing.** By leaving a copy of the summons and a copy of the petition at the dwelling house or usual place of abode and mailing by first-class mail to each of the following defendants a notice that such copy has been so left

________________________________

(5) **Certified Mail Service.** I hereby certify that I have served the within summons (1) By mailing on the _____ day of ________________, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows:

________________________________

(6) **No. Service.** The following defendants were not found in this county: By________________________________

I declare (verify, certify or state) under penalty or perjury that the foregoing return of service is correct.

Executed on ________________

SHERIFF OF SEDGWICK COUNTY, KANSAS

By________________________________
*Deputy*

EXHIBIT
tabbles
A

COPY
FILED

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

DOCKET NO.

2011 JUL -8 P 3:01

CLERK OF DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS

BY

Tom Wise )
)
Plaintiff, )
)
vs. ) Case. No.:
)
Wichita Vending Company, )
Joseph Hemmelgarn, and Gordon Long )
)
Defendants. )
)

11CV2395

## COMPLAINT

**Parties**

1. Plaintiff is a resident of Sedgwick County, Kansas.
2. Defendant Wichita Vending Company is located in Wichita, Sedgwick County, Kansas. Defendant can be served by service on its owner and resident agent, Joseph John Hemmelgarn, 4430 W 29th Circle South, Wichita, KS 67215.
3. Defendant Joseph Hemmelgarn is a resident of Sedgwick County, Kansas. Defendant can be served via personal service at his place of employment, 4430 W 29th Circle South, Wichita, KS 67215.
4. Defendant Gordon Long is a resident of Sedgwick County, Kansas. Defendant can be served via personal service at his place of employment, 4430 W 29th Circle South, Wichita, KS 67215.

**Jurisdiction and Venue**

5. This court has jurisdiction pursuant to *29 U.S.C §216*, as Plaintiff alleges violations of the Fair Labor Standards Act (FLSA) in connection with his employment.

6. Plaintiff's claims arise out of his employment with Defendant, which occurred in Sedgwick County, Kansas. Venue is proper pursuant to *K.S.A. 60-603*.

**Facts about Plaintiff's Employment with Defendant**

7. In early 2010, employers interviewed Mr. Wise for a job as a First Route Supervisor. Employers told Mr. Wise the position involved managing route drivers. The wage was $19.00 dollars per hour, comprising a yearly salary of $38,000. Other promised benefits included a company vehicle and laptop.

8. Mr. Wise accepted the position as First Route Supervisor and began reporting to employers in April 2011.

9. Mr. Wise never performed the job of First Route Supervisor.

10. Employers assigned Mr. Wise to menial, non-administrative tasks, including juice machine installation, loading trucks, and aiding route drivers with assignments. He did not perform exempt work.

11. Plaintiff did not receive income on a salaried basis, as defendants cut Mr. Wise's compensation for hours of absence. On one occasion, his payment was decreased for the hours he missed work to attend a funeral.

12. In September 2010, employers sent Mr. Wise to Wichita Area Technical College (hereinafter "WATC") to aid in food preparation and service. From the date of this assignment until April 1, 2011, Mr. Wise prepared food and filled catering orders. With the assistance of a temporary worker, Mr. Wise also served food, cleaned the cafeteria, and ran the cash register.

13. Mr. Wise performed manual labor for Defendants. He did not have discretion over matters of importance during his employment with Defendants. He completed tasks as

instructed and was told to "run everything through" Gordon Long, his supervisor. All executive, administrative, and professional tasks were performed by Mr. Long.

14. During a health inspection, those supervising Plaintiff told him to "stand back" and to "do nothing" and allow Long to be the point of contact with the health inspector.

**Facts about Defendants Failing to Pay Plaintiff Overtime**

15. Defendants permitted Plaintiff to work more than 40 hours a week. Plaintiff frequently arrived at 6:15 a.m. and worked for ten hours.

16. On days involving catering orders, Plaintiff would arrive much earlier and/or stay much longer.

17. In addition, Plaintiff spent many of his nights preparing food for the cafeteria in his own home because the WATC did not have appropriate cooking facilities.

18. Plaintiff kept contemporaneous records of the hours of overtime he worked each day. The total overtime hours for which he was not paid overtime wages totals 600 hours.

19. Employers permitted Plaintiff to work these hours without compensating Mr. Wise for accrued overtime.

20. Defendants willfully refused to pay Plaintiff overtime wages in violation of *29 USC §207(a)*.

21. "Person" means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons. *29 U.S.C. §203(a)*.

22. "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization. *29 U.S.C. §203(d)*.

23. Wichita Vending Company is a "person" as defined by *29 U.S.C. §203(a)* and is an "employer" as defined in *29 U.S.C. §203(d)* because they hired and employed Plaintiff.

24. Defendant Joseph Hemmelgarn chose to hire Plaintiff to be an employee of Wichita Vending Company and assigned and/or approved the work Plaintiff completed during his employment. He acted directly or indirectly in the interest of Wichita Vending Company in relation to Plaintiff and is an "employer" as defined by *29 U.S.C. §203(d).*

25. Defendant Gordon Long supervised and directed Plaintiff's work during Plaintiff's employment at Wichita Vending Company. He acted directly or indirectly in the interest of Wichita Vending Company in relation to Plaintiff and is an "employer" as defined by *29 U.S.C. §203(d).*

26. Plaintiff was employed by employer Wichita Vending Company. Plaintiff was an "individual employed by an employer" and thus was an "employee" as defined by *29 U.S.C. §203(e)(1).*

WHEREFORE, Plaintiff prays for his unpaid overtime compensation, plus an equivalent amount as liquidated damages, plus attorneys fees and costs and any other such relief the court deems just and equitable.

Allison J. Wilson, #24588
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: wilson@hitefanning.com
*Attorneys for Tom Wise*

**DESIGNATION OF PLACE OF TRIAL AND DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial and designates the place of trial to be Wichita, Kansas.

Allison J. Wilson, #24588

RICHARD C. HITE
RICHARD L. HONEYMAN
RANDY J. TROUTT
ARTHUR S. CHALMERS
KIM R. MARTENS
LINDA S. PARKS
F. JAMES ROBINSON, JR.
DON D. GRIBBLE, II
JERRY D. HAWKINS
JON E. NEWMAN
GAYE B. TIBBETS
TRACIE R. ENGLAND
BRADLEY J. LAFORGE
SCOTT M. HILL

HfH

HITE
FANNING &
HONEYMAN L.L.P.

ATTORNEYS AT LAW

JENNIFER L. GOHEEN-LYNCH
GWYNNE E. BIRZER
RACHEL E. AVEY
KIMBERLY DONICA FARHA

OF COUNSEL
H.W. FANNING
VINCE P. WHEELER

June 10, 2011

Joseph J. Hemmelgarn
4430 West 29th Circle South
Wichita, Kansas 67215

Re: Tom Wise
5932-25461

Dear Joe,

We have received your letter of June 1, 2011. Thank you for your settlement offer. Enclosed is the Federal Complaint we will be filing soon if this is not resolved. Mr. Wise is willing to settle this at a discount if he does not have to file suit, which means he would accept $27,000.00. You have until June 22, 2011 to consider our offer. If you have not responded by then, we will file our Complaint.

I am also interested in whether you or Wichita Vending Company complied with its *29 CFR 516* statutory duty to keep records of the hours Tom worked. If you or your attorneys have any questions or want clarification, please feel free to call.

Respectfully,

Allison J. Wilson

Allison J. Wilson
HITE, FANNING, AND HONEYMAN L.L.P.

HfH

SUITE 950 ▪ 100 NORTH BROADWAY ▪ WICHITA, KANSAS ▪ 67202 2209
TELEPHONE 316 265 7741 ▪ FACSIMILE 316 267 7803
WWW.HITEFANNING.COM

Fax Filed 7/27/11
Wise v. Wichita Vending
Case No. 11-CV-2395
Notice of Filing Notice of Removal

KUTAK ROCK LLP
Suite 150
1605 North Waterfront Parkway
Wichita, KS 67206
(316) 609-7900 (Telephone)
(316) 630-8021 (Facsimile)

IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

| | |
|---|---|
| TOM WISE,<br><br>Plaintiff,<br><br>v.<br><br>WICHITA VENDING COMPANY, JOSEPH HEMMELGARN, and GORDON LONG,<br><br>Defendants. | Case No. 11-CV-2395 |

**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on July 27, 2011, Defendants filed with the United States District Court for the District of Kansas, its Notice of Removal pursuant to 28 U.S.C. § 1441, a copy of which is attached, thereby removing this action from the District Court of Sedgwick County, Kansas to the United States District Court for the District of Kansas.

4845-1683-3034.1

tabbies EXHIBIT B

Dated this 27th day of July, 2011.

By ______________________________
Alan L. Rupe KS #08914
Jason Stitt KS #22216
Kutak Rock LLP
Suite 150
1605 North Waterfront Parkway
Wichita, KS 67206
(316) 609-7900 (Telephone)
(316) 630-8021 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2011, a true and correct copy of the above and foregoing **Notice of Filing Notice of Removal** was served on the following via First-Class U.S. Mail:

Allison J. Wilson
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: wilson@hitefanning.com

ATTORNEY FOR PLAINTIFF

______________________________
Jason Stitt KS #22216